IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WATERFORD LLC,

    Plaintiff,

vs.                                       CASE NO.: 4:07cv171-SPM/WCS

DANIEL WILLIAM GARLICK, et al.,

    Defendants.

_____/

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

    Plaintiff Waterford LLC, is suing for negligent misrepresentation and professional negligence based on statements Defendants made about the percentage of wetlands on a 1,600 acre parcel of property in Franklin County, Florida, that Plaintiff entered into a contract to buy.  After a study of the property was finished, the property turned out to have more wetlands, and less developable uplands, than Defendants represented to Plaintiff.  Plaintiff decided not to purchase the property, but lost non-refundable deposit money.  Defendants have moved for summary judgment on Plaintiff's claims.  Docs. 76 and 77.  For the following reasons, Defendants' motions for summary judgment will be granted in part and denied in part.

## I.  BACKGROUND[1]

### A.  Assignment

The 1,600 acre parcel of property was owned by DSW Holdings, LLC. ("DSW").  On December 7, 2004, Heritage Coast Properties, LLC ("Heritage") entered into a contract with DSW to purchase the property.  In January 2005, John Reamer ("Reamer") the managing member of Plaintiff, Waterford, LLC ("Waterford"), was contacted regarding the property and the possibility of purchase by way of an assignment from Heritage.

The contract between DSW and Heritage set the purchase price at $19,134,000, which included a $250,000 earnest money deposit.  The contract provided for a 75-day due diligence period (until February 21, 2005) during which Heritage could terminate the contract.  Heritage chose not to terminate the contract during that period, obligating it to pay an additional $250,000 non-refundable earnest money deposit.

On March 1, 2005, Heritage and Waterford entered into an agreement to assign the contract to Waterford.  In consideration for the assignment, Waterford agreed to deliver the second $250,000 earnest money deposit with the understanding that the money would be forfeited in the event closing did not

---

[1] Many of the facts in this section are disputed by Defendants.  The Court makes no finding on whether they are true.  For purposes of summary judgment, the facts are simply taken in the light most favorable to Plaintiff.  <u>Burton v. City of Belle Glade</u>, 178 F.3d 1175, 1187 (11th Cir. 1999)

occur on or before May 7, 2005. As additional consideration for the assignment, Waterford agreed to pay Heritage $1,866,000 at closing, as well as give Heritage an equity position in the development equal to 4% of the total ownership interest of the purchasing or developing entity.

On April 6, 2005, DSW and Heritage amended the contract to extend the closing deadline from April 6, 2005, to May 5, 2005, upon payment of a $60,000 non-refundable fee. The amendment also provided for an additional extension from May 5 to August 7, 2005, upon the payment of $565,834 non-refundable fee by May 6, 2005.

### B.     Representations

According to Waterford, sometime before accepting the March 1, 2005 assignment, Reamer met with Defendants Daniel Garlick ("Garlick") and Steven Wayne Stinson ("Stinson") in their professional capacities to determine if the property was suitable for a development project. Garlick is an environmental consultant and the principal of Defendant Garlick Environmental Associates, Inc. ("Garlick Environmental"). Stinson is a licensed professional surveyor employed by Defendant Baskerville-Donovan, Inc., ("BDI"), an engineering firm.

According to Reamer, both Garlick and Stinson represented that they were very familiar with the property. They provided Reamer with a wetlands determination that showed the property contained approximately 60% uplands. According to Reamer, Garlick "guaranteed" that the property contained at least

60% uplands and Stinson "guaranteed" that the property contained at least 50% uplands.  Both Galick and Stinson knew that Reamer was relying on their statements in making a decision whether or not to enter into the assignment to purchase the property.  Shortly after the meeting, Garlick Environmental and BDI entered into contracts with Waterford to provide a formal wetlands delineation.

## II.    DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  An issue is "material" if it might affect the outcome of the case under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  Id.

The burden is on the moving party to show that there are no genuine issues of material fact to be determined at trial.  Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000).  One way to meet the burden is by showing that the non-moving party's case is deficient due to the lack of evidence to support an essential element of the non-moving party's case.  Riley v. Newton, 94 F.3d 632, 638-39 (11th Cir. 1996).  In determining whether the burden has been met, the

court views the evidence and all factual inferences in the light most favorable to the nonmoving party, and resolves all reasonable doubts about the facts in favor of the nonmoving party. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).

If the moving party has satisfied its burden, the burden shifts to the nonmoving party who must show "that summary judgment would be inappropriate because there exists a material issue of fact." Mullins, 228 F.3d at 1313. The burden can be met by presenting enough evidence to show that a reasonable finder of fact could find for the nonmoving party. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The nonmoving party must present more than a scintilla of evidence in support of its position. Anderson, 477 U.S. at 254. The basic inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251.

### B. Professional Negligence

A claim for professional negligence is similar to a claim for ordinary negligence except that the standard of care is based on "the standard of care used by similar professionals in the community under similar circumstances." Moransais v. Heatherman, 744 So. 2d 973, 976 (Fla. 1993). Moreover, unlike a claim for ordinary negligence, recovery is generally available for economic losses without accompanying personal injury or property damage. Id. at 983. For a

claim of professional negligence to lie, the negligent party must be engaged in a "profession," which is defined under Florida law as "any vocation requiring at a minimum a four-year college degree before licensing is possible in Florida." Id. at 975-76.

### 1. Garlick and Garlick Environmental are not "professionals"

Garlick and Garlick Environmental argue that their environmental consulting services do not qualify as a profession under Florida law because no licensing, certification, or college degree is required. Waterford has not contested this argument. Accordingly, summary judgment will be granted in favor of Garlick and Garlick Environmental on Count I of the complaint for professional negligence.

### 2. BDI and Stinson

BDI and Stinson concede that the licensed survey services they rendered qualify as a profession. They argue, however, that they are entitled to judgment as a matter of law because Waterford has no evidence to establish the standard of care. Although Waterford has retained an expert, she is not a member of the same profession as Stinson. Waterford has not contested this argument.

Because Waterford does not have expert testimony to show that Stinson deviated from the professional standard of care applicable to surveyors, BDI and Stinson are entitled to summary judgment on Waterford's professional negligence claim. See Lochrane Eng'g, Inc. v. Willingham Realgrowth Inv. Fund

Ltd., 552 So.2d 228, 233 (Fla. 5th Dist. Ct. App. 1989) (finding inadequate expert testimony to establish that engineer deviated from standard of care). Accordingly, BDI and Stinson's motion for summary judgment will be granted as to the professional negligence claim.

### C.      Negligent Misrepresentation

To prove a claim of negligent misrepresentation, a plaintiff must show that (1) there was a misrepresentation of material fact, and (2) the representor knew of the misrepresentation, or was without knowledge of its truth or falsity, or ought to have known of its falsity, and (3) the representor intended to induce another to act on the misrepresentation, and (4) injury resulted to a party acting in justifiable reliance.  Atlantic Nat'l Bank of Florida v. Vest, 480 So.2d 1328, 1331-32 (Fla. 2d Dist. Ct. App. 1985).

Garlick and Garlick Environmental argue that they are entitled to judgment as a matter of law on this claim.  They contend that any representation made by Garlick about the percentage of wetlands was made after Waterford entered into the assignment, and therefore at least $250,000 of the deposit money lost cannot be attributed to the alleged representation.  Garlick and Garlick Environmental also argue that other factors lead to Waterford's inability to purchase the property and that the percentage of wetlands was therefore not  material.

Stinson and BDI raise the same arguments.  Stinson and BDI further argue that their representations were not material because Waterford could have

relied solely on Garlick's wetlands estimate. They also argue that Waterford lacks evidence to show that Stinson and BDI intended to induce Waterford to enter into the assignment contract or any extension. BDI and Stinson argue that any reliance by Waterford on the initial wetlands estimate was not reasonable. Finally, BDI and Stinson argue that any damages owing to Waterford would be limited to $50,000.00 by the limitation of liability in their contract.

   1.   limitation of liability

Because the alleged misrepresentation preceded the formation of the contract between BDI and Waterford, the limitation of liability in the contract does not apply. See Wassall v. Payne, 682 So.2d 678, 680-81 (Fla. 1st Dist. Ct. App. 1996) (explaining that limitation of liability for contractual dealings is distinct from risks and liabilities of tortious conduct occurring before the contract is formed). Accordingly, BDI and Stinson's motion for summary judgment as to this ground will be denied.

   2.   materiality and justifiable reliance

The managing member of Waterford, John Reamer, maintains that Waterford would not have entered into the assignment for purchase but for the representations made by Garlick and Stinson concerning the amount of wetlands. According to Reamer, both Garlick and Stinson represented that they were very familiar with the property and guaranteed an acceptable amount of uplands. Problems that Waterford may have subsequently encountered in

obtaining easements or financing do not undercut Waterford's position that the amount of developable uplands on the property was a material consideration in Waterford's decision to accept the assignment.

Although Garlick and Stinson contest the timing of their initial meeting and the statements that were made, the evidence presented by Waterford is sufficient to raise genuine issues of fact to be resolved by the jury.  Accordingly, BDI, Stinson, Garlick, and Garlick Environmental's motions for summary judgment as to these grounds will be denied.

3. intent to induce

Finally, BDI and Stinson argue that there is no evidence that the representation was made with the intent to induce Waterford to enter into a contract or extension.  Stinson was aware, however, that Reamer was concerned about the amount of uplands because it affected his development plans.  According to Reamer, Stinson knew that Reamer was investigating the property to determine whether to enter into a contract to purchase it.  Although Stinson denies making any guarantee, according to Reamer, Stinson guaranteed that the property contained at least 50% uplands.  This evidence is sufficient to raise a genuine issue of material fact about whether Stinson's statement was made with the intent to induce Waterford to purchase the property.  Accordingly, BDI and Stinson's motion for summary judgment as to this ground will be denied.

## III. CONCLUSION

CASE NO.: 4:07cv171-SPM/WCS

Waterford's claim for professional negligence fails as a matter of law because Garlick and Garlick Environmental are not "professionals."  As to BDI and Stinson, Waterford has failed to come forth with evidence to establish the relevant standard of care.  On Waterford's claims for negligent misrepresentation, the evidence is sufficient to raise genuine issues of fact for a jury to determine.  Accordingly, it is

ORDERED AND ADJUDGED:

1.   The motions for summary judgment (doc. 76 and 77) are granted in part and denied in part.

2.   The motions are granted as to Counts I and II for professional negligence.

3.   The motions are denied as to Counts III and IV for negligent misrepresentation.

DONE AND ORDERED this 2nd day of February, 2009.

                *s/ Stephan P. Mickle*
                Stephan P. Mickle
                United States District Judge